RUBY *v.* CRAWFORD *et al.,* receivers.

1. Under the facts, the objections to the jurisdiction of the court to render a personal judgment against the plaintiff in error, on the matters alleged in the answer of the receivers, were presented too late when raised first in exceptions to the auditor's report.

2. There was no error in overruling the exceptions of fact and of law to the auditor's report and in entering the decree.

No. 1102. JUNE 13, 1919.

Exceptions to auditor's report. Before Judge Thomas. Grady superior court. June 21, 1918.

While an equity suit instituted by the State against the Bank of Whigham as an insolvent institution, in which receivers had been appointed, was pending in the superior court, Mrs. Fannie May Lane filed a petition alleging that in 1912 she became indebted to the Bank of Whigham in the sum of $773.33, and made a deed to that bank, conveying certain described property to secure this debt, subsequently increasing the loan to $1,000; that the note evidencing said debt was to become due on December 1, 1915; that W. J. Ruby, a resident of Kentucky, became the holder of the note, and he presented it to petitioner and demanded payment; that she refused to pay it without having the receivers of the bank reconvey to her the property given to secure the debt; that Ruby did not hold the security deed; and that the Bank of Whigham sold or transferred the note, but did not sell or transfer the security held for its payment. She prayed, that Ruby be cited by publication to appear before the court to show cause why he should not be made a party defendant and to abide by and perform the judgments and decrees of the court; that he be required to produce in court the note payable to the Bank of Whigham, and that the same be marked paid and cancelled by the clerk of the court; that petitioner be allowed to pay into court all of the principal and interest due on the note, less certain credits, and be discharged from further liability; and that the receivers be required to execute to her a deed to the property conveyed as security for said debt, upon her paying the principal and interest. Ruby filed an answer setting up that he purchased for a valuable consideration and became the owner, before due, of the note executed by Mrs. Lane for $1000, payable to the Bank of Whigham, and indorsed in blank, "Bank of Whigham, E. B. Stapleton, Cashier;" that he purchased the note thirty days after it was executed; and that upon payment of said indebtedness he is ready and willing to cancel and surrender "said note and mortgage," and "he further consents for the receivers of the Bank of Whigham to reconvey title to the plaintiff; but he further contends. as the legal owner and holder of said indebtedness. that the court should order the funds so paid into court immediately paid over to this defendant or his attorneys, for which he here and now prays." Afterward the court, upon consent of

counsel, passed an order, on August 28, 1917, referring the cause and all interventions filed therein to T. S. Hawes as auditor, who was directed to pass upon all questions of law and fact and the priority of all claims, and to report his findings to the court. Counsel were allowed ten days after the filing of said report in which to file exceptions thereto. The auditor was authorized to allow or reject amendments, and to dispose of all demurrers. When the case was before the auditor for hearing, the receivers of the Bank of Whigham filed their answer in which, among other things, they set up that W. J. Ruby had converted to his own use certain notes and certain stock certificates belonging to the Bank of Whigham; and that Ruby being a non-resident of the State, the receivers were without adequate remedy at law to recover the property or its value from said Ruby, unless allowed to set up their claims in this proceeding; and they prayed judgment for the amount of the collateral notes held by Ruby in the sum of $12,-120.18, with interest. At the same time the Hanover National Bank of New York filed an answer alleging that Ruby, after the failure of the Bank of Whigham and with knowledge of its condition, acquired from that bank, through O. C. Spence, possession of certain notes of W. R. and J. W. Johnson, of J. H. and H. E. Collins, and of Mrs. Fannie May Lane, said notes being the property of the Hanover National Bank. The answers of the receivers and of the Hanover National Bank were taken under consideration by the auditor without objection upon the part of Ruby, who acknowledged service on the interventions. With the pleadings so made up the auditor heard evidence, in the course of which Ruby was examined as a witness, and, without objection to the evidence or to a consideration by the auditor of the issues between the receivers and Ruby as set out in their respective answers to the intervention filed by Mrs. Lane, delivered testimony upon the issues and was present, and otherwise participated in the trial of the case.

*Hartsfield & Conger*, for plaintiff in error.

*M. L. Ledford, C. E. Hay,* and *J. R. Wilson,* contra.

HILL, J. 1. Under the foregoing statement of facts, the objections urged by the plaintiff in error, for the first time in exceptions to the auditor's report, to the jurisdiction of the court to render a personal judgment against him with respect to the several matters alleged in the answer of the receivers, came too late; and

the trial court did not err in overruling exceptions to the auditor's report on the ground that the court was without jurisdiction.

2. The plaintiff in error filed exceptions of law and fact to the auditor's report, which hinged generally on the question whether under the law and the evidence the report should be sustained. After a careful consideration of the evidence and the questions of law raised, it is held that the findings of the auditor were supported; and consequently there was no error in overruling the exceptions of fact and of law, nor in entering the decree complained of.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent, and George, J., disqualified.*